# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SCOTT NEWMAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BOSTON RESTAURANT ASSOCIATES, ) <br> INC., ) <br> ) <br> Defendant. ) | CIVIL ACTION NO. 11-11847 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Boston Restaurant Associates, Inc. ("BRA" or "Defendant") hereby notices the removal to this Court of the civil action styled as *Scott Newman v. Boston Restaurant Associates, Inc.,* from the Superior Court for Essex County, Department of the Trial Court of the Commonwealth of Massachusetts, Civil Action No. 11-1813, alleging wrongful termination in violation of public policy, breach of implied contract, intentional interference with advantages business relations, and violation of the Massachusetts Personnel Record Statute, M.G.L. ch. 149 § 52C (the "State Court Action"). *See* Complaint ¶ 1. In support thereof, Defendant states the following:

1. Plaintiff Scott Newman ("Plaintiff" or "Newman") served process on Defendant on September 29, 2011.

2. True and correct copies of the summons and complaint served on Defendant are attached hereto as **Exhibit 1**. The documents at Exhibit 1 constitute all process, pleadings, and orders served on Defendant in this action.

3. In accordance with the requirements of 28 U.S.C. § 1446(b), this notice of removal is filed within thirty (30) days after Plaintiff served Defendant with a copy of the initial

pleading setting forth the claims for relief upon which Plaintiff's action is based. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-55 (1999).

### THIS COURT HAS DIVERSITY JURISDICTION OVER THIS ACTION

4. Removal of this case is proper pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds the sum or value of $75,000 and is between citizens of different states.

5. Plaintiff alleges to be a citizen of the state of New Hampshire. *See* Complaint, ¶ 2.

6. BRA is a corporation registered under the laws of the state of Delaware with a principal place of business in Massachusetts.

7. Because the amount in controversy exceeds $75,000, and the parties are citizens of different states, this Court has subject matter jurisdiction over this action by reason of diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1).

8. As a result, this case is properly removable to this Court under 28 U.S.C. § 1441.

9. Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly file a copy of this notice of removal with the Clerk of the Superior Court for Essex County, Commonwealth of Massachusetts, and will also serve a copy upon Pro Se Plaintiff.

WHEREFORE, Defendant Boston Restaurant Associates, Inc. removes the action now pending against it in the Superior Court for Essex County of the Commonwealth of Massachusetts, Civil Action No. 11-1813, to this Court.

|  |  |
|---|---|
|  | Respectfully submitted,<br>BOSTON RESTAURANT ASSOCIATES, INC..<br>By its Attorneys, |
|  | /s/ Anthony S. Califano<br>Ariel D. Cudkowicz (BBO No. 550577)<br>acudkowicz@seyfarth.com<br>Anthony S. Califano (BBO No. 661136)<br>acalifano@seyfarth.com<br>SEYFARTH SHAW LLP<br>World Trade Center East<br>Two Seaport Lane, Suite 300 |
| DATED:  October 19, 2011 | Boston, Massachusetts  02210<br>Telephone: (617) 946-4800<br>Telecopier: (617) 946-4801 |

### CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2011, a true copy of the foregoing document was filed through the Court's ECF System and sent via First Class U.S. Mail upon Pro Se Plaintiff, Scott Newman, 50D Constitution Drive, Londonderry, NH.

/s/ Anthony S. Califano
Anthony S. Califano